IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                        CRIM. NO. 04-351(SEC)

[1] JUAN ISIDRO TOLOZA-PEÑA, et, al

Defendants.

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on September 27th, 2004, a federal Grand Jury sitting in the District of Puerto Rico returned an Indictment against the defendant [1] Juan Isidro Toloza-Peña .

WHEREAS, charging, among others, the above captioned defendant with violations of 18 U.S.C. §§ 1956(h)and  and 21 U.S.C.§ 846 The Indictment also contained a Forfeiture Allegation indicating that pursuant to 18 U.S.C.§982 and  21 U.S.C. §§ 853 and 881 the defendants should forfeit to the United States all property interests derived from any proceeds directly or indirectly from a violation of 18 U.S.C. §§ 1956(h) and 21 U.S.C.§ 846 as well as all property used or intended to be used in any manner or part to commit or facilitate the commission of a violation of 18 U.S.C. §§ 1956(h)and  21 U.S.C. §§ 841 or 846.

WHEREAS, On February 9, 2007, defendant  [1] Juan Isidro Toloza-Peña, entered a Plea, and Forfeiture Agreement to the Counts One of the Indictment, as well as the Forfeiture Allegation. defendant  [1] Juan Isidro Toloza-Peña specifically agreed to the forfeit to the United States and to relinquish all rights, title and interests in the following property:

$78,702.00 IN U.S. CURRENCY

WHEREAS, Based upon the evidence set forth in defendant [1] Juan Isidro Toloza-Peña's Plea and Forfeiture Agreement, and the Expedited and Settlement Agreement filed on November 9, 2007, where the parties agreed that out of $29,990.50 in U.S. Currency that was seized from Smith Barney account number 39501810-10016, in the name of Bluefin Investment S.A. the United States will retain and ultimately forfeit $1,499.50, representing 5% plus any interest accrued while the property was deposited in the United States' Department of Justice Asset Forfeiture Fund. Moreover, the United States has established the requisite nexus between the property and the offense to which the defendant has pleaded guilty, the following property:

**$50,211.46 IN U.S. CURRENCY**

is subject to forfeiture to the United States pursuant to 18 U.S.C.§982 and 21 U.S.C. §§ 853 and 881.

WHEREAS, Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C.§ 853, the United States will publish in a newspaper of general circulation, notice of this Order, notice of the United States Immigration and Customs Enforcement (ICE), Department of Homeland Security.

intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court and serve a copy on Miguel A. Fernández, Assistant United States Attorney within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall before a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the

relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

WHEREAS, the Court's jurisdiction in this matter is founded upon Title 18, <u>United States Code</u>, Sections 982(a)(1) and 981(a)(1)(c), which provides that: the Court, in imposing sentence on a person convicted of a conspiracy to violate Title 21, <u>United States Code</u>, Sections 841 and 846, and Title 18, <u>United States Code</u>, Section 1956(h), shall order that the person forfeit to the United States any property constituting, or derived from proceeds the person obtained directly or indirectly, as the result of such violation.

WHEREAS, in accordance with the provisions of 21 U.S.C. § 853 and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States requests that it be permitted to undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture, or substitute assets for such property.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. That based upon the guilty verdict of the defendant and the unopposed version of the facts, any and all of the defendant's interest in the above listed property is hereby forfeited to the United States and the United States is hereby authorized to seize the same for disposition in accordance with the law, subject to the provisions of Title 21 <u>United States Code</u>, Section 853.

2. That the aforementioned forfeited properties are to be held by the United States Immigration and Customs Enforcement (ICE), Department of Homeland Security in their secure custody and control.

3. That pursuant to Title 21 <u>United States Code</u>, Section 853, the United States forthwith shall publish once in "El Nuevo Dia," a newspaper of general circulation in the island of Puerto Rico, notice of this Order, notice of the United States Immigration and Customs

Enforcement (ICE), Department of Homeland Security intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition within the court with thirty (30) days of the publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set for the nature and extent of the petitioner's right, title or interest in each of the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order of Forfeiture, as a substitute for published notice as to those persons so notified.

4. That upon adjudication of all third-party interests, this court will enter a final Order of Forfeiture pursuant to Title 21 United States Code, Sections 853 and 881, in which all interests will be addressed.

SO ORDERED on this 19TH day of May, 2008.

HON. SALVADOR E. CASELLAS
UNITED STATES DISTRICT JUDGE

